KENNARD *v*. GRAY & *a*.

A chattel mortgage, securing a collateral note described in the mortgage and affidavit as an absolute debt, is not valid against creditors of the mortgagor.

FOREIGN ATTACHMENT.   Issue between the plaintiff and the claimants.   Facts found by a referee.   The claimants, holding two notes of the defendant for $200 each, secured by a mortgage of his farm, allowed him to cut wood on the farm under an agreement that the avails of the wood should be applied to the payment of the notes. After the wood was cut, they took from him a note for $400, secured, without any fraudulent purpose, by a mortgage of the wood, as collateral security for the two notes.   The collateral character of the $400 note did not appear in the mortgage or affidavit.   The defendant sold to the trustee six cords of the mortgaged wood ; and the sum due therefor from the trustee is the fund in controversy between the plaintiff and the claimants.   The circuit court ordered judgment for the claimants, and the plaintiff excepted.

*Shirley*, for the plaintiff.

*Murray*, for the claimants.

ALLEN, J.   In the chattel mortgage, the $400 note was specified as the debt secured, and in the affidavit it was sworn to be a debt due from the mortgagor to the mortgagee.   It was not such a debt, within the meaning of *ss*. 6 and 9 of *c*. 123 of the Gen. St.   In a hidden sense, it was an agreement for the payment of a debt.   It was understood by the parties to be an agreement to pay the principal of two other notes, which constituted the debt.   But while, in the understanding of the parties, and therefore in fact, it was a collateral agreement to pay the principal of the other notes, it was represented to be an absolute debt.   The actual agreement was not truly and specifically stated in the mortgage and affidavit, as the statute required it to be. Instead of disclosing the debt and securing it, the mortgage covered property under the pretence of securing a deceptive note, which, as a

debt, has no existence. If such a mortgage were good, there would be no limit to the number of valid mortgages that could be made, professedly to secure numerous debts, but really to secure a single one formally multiplied by repeated notes, absolute in appearance, collateral in fact. The statute condemns such securities, because their natural tendency is to deceive and defraud creditors, however honest the intentions of the parties. The chattel mortgage is not valid against creditors of the mortgagor.

Whether the claimants waived or relinquished their right in the cut wood under their real estate mortgage, or so conducted as to be estopped to claim the wood under that mortgage, is a question of fact to be determined by the referee.

*Case discharged.*